UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,          CASE NO. 8:19-cr-273-T-24JSS

v.

CARLOS HERNAN CHAVEZ-AGUIRRE
_____

### SENTENCING MEMORANDUM OF CARLOS HERNAN CHAVEZ-AGUIRRE

The Defendant, CARLOS HERNAN CHAVEZ-AGUIRRE ("Mr. Chavez-Aguirre"), by and through undersigned counsel, files this sentencing memorandum, and would briefly state:

Introduction

The final pre-sentence investigation report ("PSI") prepared by U.S. Probation ("Probation")[1] reflects an advisory guidelines imprisonment range of 235 to 293 months (19.5 years to 24.4 years) for Mr. Chavez-Aguirre, a mariner who was aboard a self-propelled semi-submersible vessel ("SPSS") which secreted approximately 7,683 kilograms of cocaine. As more fully set forth herein, the imposition of a sentence within this advisory range is not necessary in order to achieve the purposes sentencing as set forth in 18 U.S.C section 3553(a); the purpose can be achieved with a sentence of 188 months (years), which falls

---
[1] Dkt. 108.

within an advisory guidelines range that would require a downward variance of two-levels.

Background

On June 18, 2019 the United States Coast Guard ("Coast Guard") intercepted a 50-foot long SPSS that was in international waters (approximately 92 nautical miles northwest of Tumaco, Colombia).[2] Mr. Chavez-Aguirre was one of five mariners that the Coast Guard located inside of the SPSS;[3] also located inside the SPSS were 316 bales of cocaine with a sea weight of approximately 7,683 kilograms.[4] Paragraphs 13 through 17 of the PSI, which will be discussed by the undersigned at sentencing, reflects activity taken by law enforcement immediately upon apprehension of the mariners; the paragraphs reflect notable distinctions that support a variance from the advisory guidelines range. The current advisory guidelines range of 235 months to 293 months was derived at by calculating (a) a **Base Offense Level** of 38,[5] (b) a **Specific Offense Characteristics** upward adjustment of two levels because Mr. Chavez-Aguirre was aboard a semi-submersible vessel,[6] resulting in an **Adjusted Offense Level**

---

[2] *Id*, at ¶ 10.

[3] *Id*, at ¶ 11.

[4] *Id*, at ¶ 12.

[5] *Id*, at ¶ 22.

[6] *Id*, at ¶ 23.

of 40,[7] and (c) three-level downward adjustment for **Acceptance of Responsibility**,[8] which results in a **Total Offense Level** of 37,[9] with a **Criminal History Category** of II.[10] Mr. Chavez-Aguirre is a criminal history category II because in 2007 he was adjudicated guilty (here in the Middle District of Florida) of a drug trip.[11]

<u>Memorandum in Support of an Appropriate Sentence</u>

The factors to be considered in imposing sentence need be sufficient but not greater than necessary to comply with the purposes of sentencing as set forth in 18 U.S.C. § 3553(a). In the instant case, a sentence within the advisory guidelines range of 235 months to 293 months is not necessary to achieve the foregoing purpose. Initially, in addition to his Base Offense Level, Mr. Chavez-Aguirre is assessed a two-level increase because he was aboard a semi-submersible. *See* USSG 2D1.1(b)(3)(B). In Mr. Chavez-Aguirre's case, with acceptance of responsibility already factored in, the difference between this two-level increase (for being aboard a semi-submersible) is an advisory guidelines range of 235-293 months (19.5 years to 24.4 years) compared to 188-235 months

---

[7] *Id*, at ¶ 27.

[8] *Id*, at ¶¶ 29-30.

[9] *Id*, at ¶ 31.

[10] *Id*, at ¶ 36.

[11] *Id*, at ¶ 34. *See also United States v. Chavez-Aguirre* (Case No. 8:06-cr-498-T-23MAP).

3

(15.6 years to 24.4 years).  Put another way, if Chavez-Aguirre were a member of a GFV crew instead of semi-submersible his advisory guidelines range would be four years less.  It is the position of Mr. Chavez-Aguirre that a sentence of 188 months (15.6), when taking the foregoing into consideration as well as the notable distinctions in paragraphs 13 through 17 of the PSI, will achieve the purposes outlined in 18 U.S.C. § 3553.  The undersigned notes for this Honorable Court that counsel does not ignore the fact that this is Mr. Chavez-Aguirre's second drug trip—a fact that the U.S. Sentencing Commission took into consideration in a defendant's criminal history category determination.

Respectfully submitted this 16th day of December, 2019.

**IRVIN LAW FIRM**

/s/ *Grady C. Irvin, Jr.*

_____
Grady C. Irvin, Jr. (FBN: 0006548)
507 W. Dr. M.L. King Jr. Blvd., Suite B
Plant City, Florida 33563
Telephone: 813.659.2000
grady@irvinattorneys.com

4

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of December, 2019, a true and correct copy of the foregoing was provided by electronic (CM/ECF) filing to: **Diego Fontes Novaes, AUSA**, Office of the U.S. Attorney.

**IRVIN LAW FIRM**

*/s/ Grady C. Irvin, Jr.*
_____
Grady C. Irvin, Jr. (FBN: 0006548)
507 W. Dr. M.L. King Jr. Blvd., Suite B
Plant City, Florida 33563
Telephone: 813.659.2000
grady@irvinattorneys.com